## Ballen *v.* Levi, Appellant.

Argued October 6, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Judah Zelitch,* for appellant.

*Morris C. Solomon,* for appellee.

OPINION BY ARNOLD, J., December 12, 1952:

This was an action of replevin to recover a diamond ring from the defendant, a licensed pawnbroker. The case was heard by the court below without a jury, resulting in a judgment for the plaintiff, and defendant appealed.

The plaintiff made out his case by showing the ownership of the ring in question. The defendant attempted to set up a defense and offered testimony to show that on November 5, 1949, one Sidney Master obtained two diamond rings from the plaintiff by executing a written memorandum that title to the rings remained in the plaintiff, Ballen, who had no arrangement or contract with Master or anyone else to sell or pledge either of the rings. When the rings were not returned, Ballen issued a warrant for the arrest of Master. The single ring which is involved in this suit was of a value of $1235, and was pledged with the defendant by Fred Hannon, Lincroft Farms, Linwood, N. J., for a loan of $500.

There was no testimony indicating how Fred Hannon obtained possession of the ring. The defendant-pawnbroker did not appear nor produce any of his records. The defendant called but one witness, Frank

Master, father of Sidney Master, who testified that he paid $750 to Ballen to release Sidney from the warrant "and everything." But there was no proof or offer to prove that the payment was intended as a sale. From this transaction the defendant argues that in some way this settlement made by Frank Master, father of Sidney Master, operates to bar the recovery by the plaintiff,—particularly that the circumstances showed that the plaintiff was to redeem the ring from the defendant-pawnbroker with whom it had been pledged.

This reasoning we are unable to follow. There is no proof that the plaintiff agreed with Frank Master that he would give any part of the settlement money to the defendant, or that plaintiff agreed to redeem the ring pledged by Hannon to the defendant. There is no proof that the settlement with Master was to enure to the benefit of the defendant, who was obviously not the owner of the ring.

We have here, then, a mere naked settlement by which Frank Master, father of Sidney Master, secured release of Sidney Master of his tort and crime. In this settlement the defendant was not mentioned in any way, nor was there any covenant affecting the relationship between Ballen and the defendant. It was no concern of the defendant what the amount of the settlement was. Obviously the defendant is entitled to nothing by virtue of the agreement made.

This seems to have been fully understood by the defendant, who pleaded that the plaintiff "then and there agreed with the aforesaid Frank Master and Bernard Master [a brother of Sidney Master] that plaintiff would redeem the pawned rings and pay the amount borrowed by Sidney Master. . ." But concerning this there was no evidence.

We agree fully with the court below that, "The facts in this case are these: the ring belongs to the plaintiff

who gave possession of the ring to Master for inspection only. Ownership of the ring never left the plaintiff. Then the ring turns up in the possession of the defendant—not, as far as the record shows, by any act of the owner; not by any act of Master . . . but by the act of Hannon. . . And who is Hannon? How did Hannon come into possession of the ring? What title or what appearance of title had Hannon? Was it through Sidney Master? Inspect this record meticulously and not even an inferential answer will appear to these questions. The conclusion is inescapable: the record is devoid of any equities favoring this defendant. He . . . risked much less than one half of [the ring's] value on the security of Hannon's possession only. . ."

Judgment affirmed.